Jones, J.,
dissenting.
This was an action on a promissory note, drawn by the defendant, Wilkins, in favor of Elias Bates, who assigned to the plaintiff, Barton.
Pleas — non-assumpsit, and payment to the plaintiff before the commencement of the action ; verdict and judgment for the plaintiff. On the plea of non-assumpsit at the trial, the defendant offered to adduce testimony to the following effect, which the Court refused to receive; whereupon, the defendant filed a bill of exceptions. The testimony offered to be adduced was, that the defendant having been indebted to *55 the Bank of St. Louis, in a large sum, for which he had given his note, and pledged certain stock he owned therein; and having sold his said stock, he gave the note declared on, (for the purpose of redeeming the said pledge from the Bank,) payable to Elias Bates, who endorsed it to the Bank. That it was -the understanding, at the time of making and endorsing the said note, that when the same fell due, it was to he redeemed by the payment of the interest and ten per cent, on the principal then accrued, together with a similar note for the balance. That when the note fell due, the defendant tendered that amount in notes of the St. Louis Bank, together with a similar note for the balance, which was refused. That the Bank filled up the endorsement with a direction to pay the amount to Samuel Hammond, the endorsee, and that, at the time, the said Hammond well knew the above facts, and the plaintiff, when the note was endorsed to him, well knew the said facts. That the defendant continued to hold the said Bank notes, so tendered to the Bank, until the trial, and therefore claimed an off-set for the amount due on said notes, and offered to produe them in evidence for that purpose. This cause was argued by the counsel for the appellee, (none appearing for the appellant). The question to he determined is, whether the Court erred in rejecting the proffered testimony. The plaintiff’s counsel have contended that, by law, no evidence was admissible to alter or vary the contract or note of the defendant, and that his only remedy for a breach of the alledged bargain or contract, was by action against the Bank. I am of a different opinion, and think that the appellant’s right to adduce such testimony is derived, first, from the statute of 1804, (Digest, 161,) which provides, “ that, where two or more dealing together, be indebted to each other upon bonds, bills, bargains, promises, accounts, or the like, and one of them commence an action in any Court, if the defendaut cannot gainsay the deed, bargain, or assumption upon which he is sued, it shall he lawful for him to plead payment of all, or part of the debt, or suna demanded, and give any bond, bill, receipt or bargain, in evidence,” &c. And, secondly, from the statute of 1807, {Digest, 66,) which authorises an assignee of notes, &c., to sue in his own name, in the same manner as the original holder could or might do, provided that nothing in the said act contained, should be so construed as to change the nature of the defence in law, that any defendant might have against the assignee or original assignor. It was also contended, that according to the construction of the Territorial Courts upon the former statute, the debls, &c., to be set-off, must be of equal degree. If such was the construction, it is very different from the one I should give ; indeed, I do not conceive that a Court has power to put any construction on a law which is positive in its terms; and the words of the statute are, that the defendant may, on plea of payment, give any bond, bill, receipt, or bargain in evidence.” It is so permitted in the State of Pennsylvania, from whence the statute was taken. Having given an opinion as to the right of the appellant to have adduced the testimony pioposed, I shall proceed to inquire whether, in case it had been admitted, he could, under the plea of payment to the plaintiff, before the commencement of the action, have availed himself of any matter in discharge, by proving a payment to, or bargain with, the Bank before the assignment of the note. It is a rule of evidence, that no testimony shall be admitted but such as is relevant to the issue. The plea in this action was, payment to the plaintiff before the commencement of the action; and the evidence offered to be adduced was, a bargain, or understanding with the JBanlc, before the assignment of the note. The testimony, therefore, would not be consonant with the issue; would be a surprise upon the plaintiff, *56 who could not be supposed to come prepared to rebut such testimony. I am, therefore, of opinion, that the Court was correct in rejecting the evidence proposed on this point.
The next consideration to be inquired into is, whether, under the above statute of 1804, or the one of 1818, the defendant could, under the plea of payment, or of the general issue, give evidence of an offer or tender of bank notes to the Bank, by way of set-olf'? The latter statute requires notice to be given at the time of tiling the plea, of the particular sum or debt intended to be insisted on, and upon what account it became due ; as no such notice was given, he could not, under either of his pleas, be permitted to set-off, against the plaintiff's demand, a sum of money, tendered but not accepted. A plea of tender and refusal ought to have been put in, and to avail himself of this plea, he ought to have brought the money into Court; as this was not done, he could not, even under a plea of tender, have had any advantage from it. A tender, and a refusal to receive, does not extinguish an existing debt; nor can it, under any forced construction, bo deemed either a bargain or a waiver of the debt or demard. The consequence of the refusal to receive a debt, when tendered, is the stoppage of interest from the time of such tender, and subjecting (he plaintiff to costs. But the right to the debt exists, and may be recovered even with costs, after a subsequent demand and refusal.
There is an evident mistake either in the declaration or in the judgment of the Court below, as certified to this Court. The note declared on, is for $665, dated ninth June, 1819, payable in 60 days. The judgment, which was r endered on 4th July, 1820, is for $1762 12, considerably more than a thousand dollars above principal and interest. But as the mistake, wherever it may be, has not bee.r assigned for error, or taken notice of by the defendant, it is not the duty of this Court to take judicial notice of it.
For the reasons above adduced, I am of opinion that the judgment below ought to be affirmed.